UNITED STATES DISTRICT COURT  ρ ⁓ SEND
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.: CV 03-00804 PA (MCx)                               Date: March 6, 2003

Title: Parviz Karim-Panahi v. Congress et al.

### DOCKET ENTRY

### PRESENT:

**HONORABLE PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Sharon Williams | Not Reported |
| Deputy Clerk | Court Reporter |

**Attorneys Present for Plaintiff:**  **Attorneys Present for Defendants:**
None                                  None

**PROCEEDINGS:**           IN CHAMBERS - COURT ORDER

The court has before it two motions for a more definite statement filed by defendants United States of America and City of Los Angeles, filed February 5, 2003 and February 7, 2003, respectively. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 10, 2003 is hereby vacated, and the matter taken off calendar. After carefully considering the moving papers, the court rules as follows:

The motions are unopposed. Under the Local Rules of Central District of California, "[p]apers not timely filed by a party including any memoranda or other papers required to be filed under this rule will not be considered and may be deemed by the Court consent to the granting or denial of the motion, as the case may be." Local Rule 7-12.

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). A review of the pleading clearly justifies the granting of this motion. Plaintiff's complaint rambles on for 167 pages, alleging violations of the Racketeer Influenced and Corrupt Organizations provisions of the Organized Crime Control Act of 1970 ("RICO"), 18 U.S.C. § 1961 et seq., as well as crimes against humanity, torture, international terrorism, civil rights and treaty violations (just to name a few) against 40 pages of named defendants ranging from Richard Nixon to Budget Rent-A-Car to the Government of Switzerland. In short, Plaintiff's complaint is utterly incomprehensible and no defendant could be expected to formulate a meaningful response given the current state of the



Page 2            **CIVIL MINUTES - GENERAL**            March 6, 2003

pleadings. Accordingly, the motions for a more definite statement are granted. Plaintiff is hereby ordered to file, not later than April 21, 2003, a first amended complaint. Plaintiff is admonished that the Federal Rules of Civil Procedure require that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (emphasis added). **Failure to timely file a first amended complaint in conformity with this order will result in the dismissal of this action.**

Furthermore, it has been brought to the attention of this Court that this case stems from the same facts and occurrences that gave rise to a previous action filed in this District entitled Parviz Karim-Panahi v. CIA, CV 97-03969 CAS (JGx). "A litigant has no right to maintain a second action duplicative of another." Barapind v. Reno, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (citing The Haytian Republic, 154 U.S. 118, 124, 14 S.Ct. 992, 993, 38 L.Ed. 930 (1894)); accord Zerilli v. Evening News Assn., 628 F.2d 217, 222 (D.C. Cir. 1980); Sutcliffe Storage & Warehouse Co. v. United States, 162 F.2d 849, 851 (1st Cir. 1947); Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001). Accordingly, Plaintiff is ordered to show cause, not later than May 5, 2003, why this action should not be dismissed for being duplicative of Parviz Karim-Panahi v. CIA, CV 97-03969 CAS (JGx). Plaintiff's response is not to exceed five (5) pages. **Failure to timely file a response to this order to show cause will result in the dismissal of this action.**

IT IS SO ORDERED.