SEND

Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

JUL 10 2003

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PARVIZ KARIM-PANAHI,<br><br>    Plaintiff,<br><br>v.<br><br>CONGRESS, et al. | No. CV 03-0804 PA (Mcx)<br><br>ORDER DENYING MOTION TO DISQUALIFY & REMOVE U.S. DISTRICT JUDGE PERCY ANDERSON, AND ALL OTHER DEFENDANT JUDGES OF U.S. DISTRICT COURT & NINTH CIRCUIT TO BE DECIDED OUT OF JURISDICTION OF NINTH CIRCUIT AND JEWISH-MAFIA (docket # 27) |

The matter before the Court is Plaintiff Parviz Karim-Panahi's Motion to Disqualify & Remove U.S. District Judge Percy Anderson, and All Other Defendant Judges of U.S. District Court & Ninth Circuit to Be Decided Out of Jurisdiction of Ninth Circuit and Jewish-Mafia. The matter was taken under submission without oral argument. Upon consideration of the papers submitted, the Court **DENIES** Plaintiff's Motion to Disqualify.

**JURISDICTION**

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1442, and reviews this motion as Chief Judge of the Central District of California.

ENTERED ON ICMS 7/15/03

## BACKGROUND AND PROCEDURAL HISTORY

On January 2, 2003, Plaintiff filed a Complaint, acting in *pro per*, in California State Court, alleging a fifty-year conspiracy between the Jewish-Mafia and the American and Israeli governments. On February 4, 2003, the case was removed to the Central District of California, pursuant to 28 U.S.C. § 1442(a)(1).

The thirty-nine-page caption of the Complaint names as Defendants, among others, the entire United States government and judiciary, and the United States District Court for the Central District of California. Each member of the United States Supreme Court, almost every Ninth Circuit judge, and numerous judges in this district, are also individually named as Defendants.

On February 28, 2003, following the voluntary recusal of three district court judges, the case was reassigned to Judge Percy Anderson. On April 21, 2003, Plaintiff filed the instant motion to disqualify. On May 19, 2003, the case was transferred to Judge Earl H. Carroll for all further proceedings.

## LEGAL STANDARD

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see* 28 U.S.C. § 144. Ordinarily, a judge must also disqualify himself if he "has a financial interest in the . . . matter" or if he "[i]s a party to the proceeding." 28 U.S.C. § 455(b)(4), (5)(i).[1]

However, the Rule of Necessity provides that "where all are disqualified, none are disqualified." *Pilla v. American Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976) (citations omitted); *see Malone v. Poway*, 746 F.2d 1375, 1376 (9th Cir. 1984) ("A judge is not disqualified to try a case . . . if there is no other judge available to hear and decide the case.") (quoting *Atkins v. U.S.*, 556 F.2d 1028, 1036 (1977)). The Rule precludes a plaintiff from indiscriminately suing all judges

---

[1] Plaintiff also seeks disqualification under 28 U.S.C. §§ 453 and 454. However, these sections are inapplicable: (1) Section 453 addresses the oath taken by judges before performance of his or her duties; and (2) Section 454 makes it a high misdemeanor for a judge to practice law.

in a district in order to have the case transferred. *See Anderson v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd without opinion*, 894 F.2d 1338 (7th Cir. 1988); *Switzer v. Berry*, 198 F.3d 1255, 1257-58 (10th Cir. 2000); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 10-11 (2d Cir. 1999).

## DISCUSSION

Plaintiff contends that every judge in the Central District should be disqualified because each has a financial interest in the outcome of the case.

However, Plaintiff makes no allegations regarding any individual Defendant judge. Plaintiff may not sue the entire judiciary and the district court, and indiscriminately name particular judges as Defendants, in order to create the appearance of impartiality and have his case transferred out of the district. The Rule of Necessity bars this severe method of forum-shopping.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Disqualify. The Court expresses no opinion on the other motions, which were included in the same pleading. These matters shall be decided by the judge assigned to this case.

IT IS SO ORDERED.

Dated: June 3d, 2003

CONSUELO B. MARSHALL
Chief, United States District Judge